# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 13-996V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
MARVIN C. SETNESS,                  *
                                    *      Filed:  June 1, 2016
            Petitioner,             *
                                    *
        v.                          *      Decision by Stipulation; Damages;
                                    *      Influenza ("Flu") Vaccination;
SECRETARY OF HEALTH AND             *      Guillain-Barré Syndrome ("GBS").
HUMAN SERVICES,                     *
                                    *
            Respondent.             *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Leslie M. Stovall*, Stovall & Associates, Las Vegas, NV, for Petitioner.

*Alexis B. Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On December 17, 2013, Marvin Setness filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges he suffered from Guillain-Barré syndrome ("GBS") as a result of his receipt of the influenza ("flu") vaccine on December 1, 2010. Moreover, Petitioner alleges that he experienced the residual effects of this injury for more than six months.

Respondent denies that Petitioner's alleged injuries were caused-in-fact by his flu vaccination, and denies that the vaccine caused any other injury or his current condition. Nonetheless both parties,

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

while maintaining their above-stated positions, agreed in a stipulation (filed on May 6, 2016)[3] that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $25,000.00 in the form of a check payable to Petitioner.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] The parties originally requested a "15-Week Order" on February 5, 2016, suggesting that Respondent was in the process of approving a settlement in this case. That order required Petitioner's counsel to file a "15-Week Petitioner Stipulation Status Report (Response)" before issuance of a damages decision after Respondent had forwarded the draft stipulation. Petitioner's counsel has, however, failed to do so despite repeated attempts by my chambers to contact his office. In the interest of Petitioner, I have decided to act on the stipulation filed in this case without that document having been filed.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

MARVIN SETNESS,                                   )
                                                  )
                    Petitioner,                   )
                                                  )
                                                  )        No. 13-996V
v.                                                )        Special Master Corcoran
                                                  )
SECRETARY OF HEALTH AND                           )
HUMAN SERVICES,                                   )
                                                  )
                    Respondent.                   )
                                                  )

STIPULATION

The parties hereby stipulate to the following matters:

1.  On December 17, 2013, Marvin Setness ("petitioner") filed a petition for vaccine
compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10
to 34 (the "Vaccine Program").  The petition seeks compensation for injuries allegedly related to
petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine
Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.  Petitioner received a flu immunization on December 1, 2010.

3.  The vaccine was administered within the United States.

4.  Petitioner alleges that he suffered from Guillain-Barre Syndrome ("GBS") that was
caused-in-fact by his flu vaccination.  Petitioner further alleges that he experienced residual
effects of this injury for more than six months.

5.  Petitioner represents that there has been no prior award or settlement of a civil action
for damages as a result of his alleged GBS.

-1-

6. Respondent denies that petitioner's alleged injuries were caused-in-fact by his flu vaccination, and denies that the vaccine caused any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $25,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorney's fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9, of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject

to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on December 1, 2010, as alleged in a petition for vaccine compensation filed on or about December 17, 2013, in the United States Court of Federal Claims as petition No. 13-996V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties'

-3-

settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS, or any other injury or his current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

MARVIN SETNESS

**ATTORNEY OF RECORD FOR
PETITIONER:**

LESLIE STOVALL
Attorney for Petitioner
Stovall and Associates
2301 Palomino Lane
Las Vegas, NV 89107
(702) 258-3034

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

NARAYAN NAIR, MD
Acting Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

ALEXIS B. BABCOCK
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-7678

Dated:   5/6/16

-5-